UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST CALVIN FLENTALL,

    Plaintiff,

v.

NANCY LANGE, *et al.*,

    Defendants.

_____/

CASE NO. 1:10-CV-161

HON. ROBERT J. JONKER

**ORDER APPROVING REPORT AND RECOMMENDATION**

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 53) and Plaintiff's Objections to it (docket # 73). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Report and Recommendation recommends that Defendants' motion for summary judgment (docket # 24) be granted and that those Defendants be dismissed from the action. Plaintiff

raises a number of objections, but none of the objections undermine the conclusion of the Magistrate Judge. After a de novo review of the record, the Court orders that Defendants' motion for summary judgment be granted.

Of the original twenty Defendants in this action, ten have been dismissed for Plaintiff's failure to state a claim against them (docket # 7). The Report and Recommendation focused on a motion to dismiss and for summary judgment by Defendants Pfost, Rider, Schorfhaar, Hope Peek and Kenneth Peek (docket # 24). Defendants Gelabert and Lacey (docket # 44) and Defendant Becker (docket # 56) have also moved to dismiss, but those motions were not addressed in the Report and Recommendation and are not considered by the Court in this order.

The Magistrate Judge correctly observed that the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, requires a prisoner to exhaust all administrative remedies prior to filing a § 1983 claim. Plaintiff failed to exhaust. None of the Step III grievances filed by Plaintiff name Defendants Perterson, Rider, or Kenneth Peek and thus Plaintiff did not fulfill the exhaustion requirement as to claims against them. Moreover, other grievances were late. Plaintiff argues that at least on grievance "398," the date on the grievance "speaks for itself" and establishes that Plaintiff timely filed the Step II grievance.[1] But the typed date on the grievance does not establish that Plaintiff timely filed the grievance, and he has presented no evidence that the grievance was filed on or before June 11, 2008. Plaintiff attempts to rely on *Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983 (2002), to suggest he was not obligated to exhaust, but in that case the Supreme Court held that "1997e(a)'s exhaustion requirement applies to *all* prisoners seeking redress for prison circumstances or occurrences." *Id*. at 520 (emphasis added). This mandate, which clearly applies to Plaintiff, bars

---

[1] Plaintiff argues that the date on grievance "398" speaks for itself, but he attached grievance "401." In any event, grievance 398 and grievance 401 contain the same typed date and were rejected for the same reason: Plaintiff untimely filed the Step II grievances after June 11, 2008.

him from seeking redress in this Court without exhausting the administrative remedies available to him.

In any event, Plaintiff's claims (based grievance 398 or 401) that Defendants (whether Defendant Schorfhaar or other Defendants) were deliberately indifferent to his serious medical needs when they crushed his Methadone cannot succeed. Questions of medical judgment, such as the method in which Plaintiff's methadone is administered, do not fall under the rubric of deliberate indifference. *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004) ("where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law"). As the Magistrate Judge correctly noted, Plaintiff's preference for a particular method of dispensing medication is not a basis for an Eighth Amendment claim.

Plaintiff's objection that Defendant Schorfhaar retaliated against him by discontinuing his Methadone treatment only reiterates the Magistrate Judge's finding that Defendant Schorfhaar could not retaliate against him in this manner. That Defendant Schorfhaar forwarded information to the pain management committee reveals that she did not have the authority to change Plaintiff's medication. Only the pain management committee could take such an action. Providing the committee with information does not transform Defendant Schorfhaar into a decisionmaker with the ability to retaliate against Plaintiff. *See Bush v. Dictaphone Corp.*, 161 F.3d 363, 369 (6th Cir. 1998). A non-decisionmaker's statements, such as the statements made by Defendant Schorfhaar, "cannot be taken as evidence of a retaliatory motive." *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001).

**IT THEREFORE IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed January 31, 2001, is approved and adopted as the opinion of this Court.

**IT IS FURTHER ORDERED** that the motion for summary judgment filed by Defendants Schorfhaar, Pfost, Rider, Hope Peek and Kenneth Peek (docket # 24) is **GRANTED**.

**IT IS FURTHER ORDERED** that for the same reasons that the Court dismisses Defendants Schorfhaar, Pfost, Rider, Hope Peek and Kenneth Peek from the action, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


Dated:     March 17, 2011                    /s/ Robert J. Jonker
                                             ROBERT J. JONKER
                                             UNITED STATES DISTRICT JUDGE