UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST CALVIN FLENTALL,

    Plaintiff,

CASE NO. 1:10-CV-161

v.

HON. ROBERT J. JONKER

NANCY LANGE, *et al.*,

    Defendants.
_____/

## ORDER ADOPTING-IN-PART AND MODIFYING-IN-PART THE REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket #97), as well as Objections made by Plaintiff (docket#108), Defendant Michigan Department of Corrections ("MDOC") (docket # 98), and Defendants Raymond Gelabert and Robert Lacy (docket #102).

### Standard of Review

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

**Analysis**

In his Report and Recommendation, Magistrate Judge Brenneman recommends that Plaintiff's claims against Defendant Robert Lacy, M.D. be dismissed because Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit.  (Report and Recommendation, docket #97, at 12.)  Magistrate Judge Brenneman also recommends the claims against Defendant Raymond Gelabert, M.D. be dismissed on the same grounds, except as to Plaintiff's claim that Dr. Gelabert violated Plaintiff's Eigth Amendment rights by discontinuing Plaintiff's methadone on or about June 11, 2008.  (*Id.* at 10.)  Finally, Magistrate Judge Brenneman recommends that Plaintiff's claims against David Becker, O.D. also be dismissed.  (*Id.* at 17.)  After a de novo review of the record, the Court adopts the Report and Recommendation, subject to the modifications articulated in this Order.

**A.      Plaintiff's Objection to the Report and Recommendation**

Plaintiff's Objection to the Report and Recommendation's was not timely filed and is therefore dismissed.  The Magistrate Judge's Report and Recommendation expressly notes that "ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of this report.  All objections and responses are governed by W.D. Mich. LCivR 72.3(b)."  (*Id.* at 17.)  The Report and Recommendation was filed on August 8, 2008.  At the request of Plaintiff, the deadline to object was extended by the Magistrate Judge to September 8, 2011.  (docket # 104, 105, 107.)  Despite this extension, Plaintiff failed to object until September 19, 2011.  Plaintiff's objection was clearly late.

Even if Plaintiff's objections were timely made, they are without merit. Plaintiff objects to the Report and Recommendation because he believes the policy directive addressing grievance procedures "is much more flexible than they [i.e., the MDOC] would like to have the court believe." (Pl.'s Objection, docket #108, at 11.) Addressing this identical argument in the Report and Recommendation, the Magistrate Judge correctly noted that Plaintiff failed to raise any facts or objections which could "lead a court to conclude that a 'reasonable dispute' exists with respect to whether the MDOC properly rejected . . . his untimely grievances." (Report and Recommendation, docket #97, at 8.) Consequently, the Court may take judicial notice that MDOC rejected certain grievances as untimely, and that Plaintiff failed to properly exhaust his remedies as required by the Prisoner Litigation Reform Act as to the grievances outlined in the Magistrate Judge's Report and Recommendation. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006); *Sullivan v. Kasajaru*, 316 Fed. Appx. 469, 470 (6th Cir. 2009).

B.     **Defendant MDOC's Objection to the Report and Recommendation**

MDOC objects to the portion of the Report and Recommendation's "Background" section which states that Plaintiff's claims against Nurse Peterson remain pending. (MDOC's Objection, docket #98, at 2.) MDOC correctly notes that the Court dismissed Plaintiff's claims against Nurse Peterson in its June 14, 2011 Order (docket #91), and that Nurse Peterson is no longer a party to this action.

C.     **Defendant Lacy and Gelabert's Objection to the Report and Recommendation**

Defendants Lacy and Gelabert object to the Report and Recommendation to the extent it does not address their argument that Plaintiff failed to state a claim upon which relief can be granted and

that Defendants Lacy and Gelabert must therefore be dismissed from this action. (Def.'s Objection, docket #102, at 3.) As a preliminary matter, the Court dismisses this objection as moot as to Defendants Lacy and Gelabert to the extent Plaintiff's claims against these two Defendants were dismissed on the ground that Plaintiff failed to exhaust available administrative remedies. However, with respect to Plaintiff's Eighth Amendment claim against Dr. Gelabert, Defendants correctly argue that Plaintiff failed to state a claim, and dismissal is therefore required under Fed. R. Civ. P. 12(b)(6).

For Plaintiff to survive Dr. Gelabert's motion to dismiss for failure to state a claim, his complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The complaint "must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

To maintain a section 1983 claim for a violation of his Eighth Amendment right to necessary medical care, Plaintiff must allege facts evidencing a deliberate indifference to serious medical needs. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). To satisfy this burden, Plaintiff must allege that he (a) had a serious medical need; and (2) Dr. Gelabert was aware of that need and acted with deliberate indifference to it. *Comstock v. McCrary*, 273 F.3d 693, 702-03 (6th Cir. 2001). Mere negligence on the part of Dr. Gelabert is not enough. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner receive inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts

are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004).

With respect to Plaintiff's Eighth Amendment claim arising from grievance no. 536, Plaintiff's complaint at most states that Dr. Gelabert ultimately decided to take Plaintiff off methadone as a medication, and that Dr. Gelabert prescribed another medication in its place. (Pl.'s Complaint, docket #1.) Plaintiff's factual allegations evidence nothing more than a difference of medical opinion regarding Dr. Gelabert's treatment decision. Consequently, Plaintiff has failed to state a claim against Dr. Gelabert, and dismissal of Plaintiff's claim is appropriate under Fed. R. Civ. P. 12(b)(6).

**IT THEREFORE IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed June 22, 2011, is approved and adopted as the opinion of this Court, subject to the modifications set forth in this Order, and that Defendants Lacy and Gelabert are hereby dismissed from this action.

**IT IS FURTHER ORDERED** that Defendant Lacy and Gelabert's Motion for Summary Judgment (docket #99) is dismissed as moot.

The case remains open against Defendant Nurse Powell only.


Dated:  September 27, 2011                              ROBERT J. JONKER
                                                                                     UNITED STATES DISTRICT JUDGE