UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST CALVIN FLENTALL,

        Plaintiff,

v.

NANCY LANGE, *et al.*,

        Defendants.

_____/

Case No. 1:10-cv-161

Hon. Robert J. Jonker

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is now before the court on defendant Nurse Sandra Powell's motion for summary judgment (docket no. 89).

**I.     Background**

Plaintiff filed a 17-page complaint against 20 defendants alleging numerous claims of wrongful conduct that occurred while he was housed by the Michigan Department of Corrections (MDOC) at the Lakeland Correctional Facility (LCF) and the Florence Crane Correctional Facility (ACF). The court has dismissed all defendants except for Nurse Powell. In an extensive opinion screening the complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and 1997e(c), the court concluded that plaintiff's claims that Nurse Powell "failed to treat his glaucoma, migraine headaches, and back pain and/or retaliated against him for filing grievances" stated a cause of action and should be served. *See* Opinion (March 16, 2010) (docket no. 7).

## II.    Nurse Powell's motion for summary judgment

### A.    Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).   Rule 56 further provides that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by":

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case.  Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted).  "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party."  *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).  However, the court is not bound to blindly adopt a non-moving party's version of the facts.  "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury

2

could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## B.    Plaintiff's Eighth Amendment claim against Nurse Powell

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

Here, plaintiff alleged that Nurse Powell was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Plaintiff's claim against Nurse Powell arises from incidents set forth in grievance no. ACF 2008-05-0398-12F3 ("398"). Compl. at p. 12 (docket no. 1). In that grievance, plaintiff complained that his medication (Methadone) was improperly crushed. Grievance 398 (docket no. 95-1 at pp. 3-4). In his complaint, plaintiff alleged that the Methadone was crushed even though "the Doctor [sic] prescription and the medication recommendation states not to crush Methodone because it has an effect on it's [sic] effectiveness." Compl. at p. 12.

It is well established that an inmate has a cause of action under § l983 against prison officials for "deliberate indifference" to his serious medical needs, since the same constitutes cruel and unusual punishment proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97 (l976). A viable Eighth Amendment claim consists of an objective and a subjective component.

*Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  A court considering a prisoner's Eighth Amendment claim must ask both if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation and if the officials acted with a sufficiently culpable state of mind.  *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).

The objective component requires the infliction of serious pain or failure to treat a serious medical condition.  *Hudson*, 503 U.S. at 8-9.  With respect to the infliction of serious pain, courts recognize that "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation."  *Id.* at 8 (internal citations and quotation marks omitted).  Similarly, "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.*  at 9.

The subjective component requires that the defendant act with deliberate indifference to an inmate's health or safety.  *See Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991).  To establish the subjective component, the plaintiff must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.  Mere negligence in diagnosing or treating a medical condition does not constitute an Eighth Amendment violation.  *Id.* at 835. "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishment Clause."  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

4

Nurse Powell has submitted an affidavit setting forth the following facts.  She is a Registered Nurse in the State of Michigan.  Sandra Powell Affidavit at ¶ 2 (docket no. 90-1).  At all times relevant to this lawsuit, she was employed by the MDOC as a Registered Nurse at ACF.  *Id.* As a registered nurse, she has no authority to independently prescribe controlled substances and must follow the orders of a prescribing physician.  *Id.* at ¶ 5.  Plaintiff was on a dosage of 10 mg of Methadone, administered two times a day.  *Id.* at ¶ 6.   The Methadone was not time-released and could be crushed.  *Id.*  According to Nurse Powell, "[t]he medication was crushed because Prisoner Flentall was seen either 'cheeking' the medication or putting it in a cup, which was then put in the trash receptacle to be retrieved by another inmate on porter duty."  *Id.* at ¶ 7.  The Methadone was ordered to be crushed pursuant to a memorandum issued on June 15, 2007, advising that the Methadone is to be "crushed and administered dissolved in water."  *Id.*

MDOC staff explained the procedure of crushing Methadone to plaintiff in medical kite responses dated May 7, 2008 and June 3, 2008.  *Id.*  On May 7, 2008, plaintiff had a question regarding "Methadone administration?".  The kite response from former defendant Rhonda L. Rider, RN, provided as follows:

> This is standard administration protocal [sic].  Methadone is to be crushed & administered with water.  They no longer provide Methadone liquid.  Your meds will continue to be crushed & administered in this manner/protocal [sic].

Kite Response (May 7, 2008) (docket nos. 9-11 at p. 13; 25-3 at p. 41).

On June 3, 2008, plaintiff requested "methadone information."  Kite Response (June 3, 2008) (docket no. 25-3 at p. 23).  The kite response from former defendant Patricia A. Merlau, RN, provided as follows:

> Your methadone is ordered 10 mg. two times per day.  We receive many different brand names, that is why we often have medication of a shape or color that

5

an inmate is unfamiliar with.  Methadone is not time released, that is why it can be crushed without harm to you or change in the effect of the medication.

*Id.*

While plaintiff states that he had reactions to the crushed Methodone and that other prisoners were able to take liquid Methodone (rather than crushed pills), he has not provided an affidavit or other evidence to rebut the statements set forth in Nurse Powell's affidavit.[1]  Viewing the facts in the light most favorable to plaintiff, the court concludes that his Eighth Amendment claim against Nurse Powell fails.  The Methadone prescribed to plaintiff was crushed pursuant to MDOC procedure.   While plaintiff apparently preferred to have uncrushed Methadone, his preference for this method of dispensing the medication does not form the basis for a federal constitutional claim.  The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate  medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).  At worst, this action falls in the latter category.  "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id. See Owens v. Hutchinson*, 79 Fed. Appx. 159, 161 (6th Cir. 2003) ("[a] patient's disagreement with his physicians over the proper medical treatment alleges no more than a medical malpractice claim, which is a tort actionable in state court, but is not cognizable as a federal constitutional claim"). *See also*, *Woodberry v. Simmons*,  146 Fed.Appx. 976, 977 (10th Cir. 2005) ("a difference of opinion between a prisoner and the prison medical staff about medical treatment does not constitute

---

[1] The court notes that plaintiff's response is erroneously titled, "Petitioner's response to defendant Salinas' motion for dismissal." *See* Response (docket no. 94).

deliberate indifference").  Accordingly, Nurse Powell's motion for summary judgment should be granted.[2]

### IV.    Recommendation

For the reasons set forth above, I respectfully recommend that Nurse Powell's motion for summary judgment (docket no. 89) be **GRANTED** and that this action be **DISMISSED**.


Dated:  December 1, 2011                    /s/ Hugh W. Brenneman, Jr.
                                            HUGH W. BRENNEMAN, JR.
                                            United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

---

[2] The court previously rejected plaintiff's claim that another nurse (Nurse Schorfhaar) improperly crushed his Methadone prescription.  *See* Report and Recommendation and Order Approving Report and Recommendation (docket nos. 53 and 77).